CITY OF ADRIAN v. CITIZENS LIGHT & POWER CO.

HEATING—PUBLIC SERVICE CORPORATIONS — RATES — FRANCHISE — MUNICIPAL CORPORATIONS—CHARTER—INTERPRETATION.

Where the charter of a light and power company, granted for 30 years by plaintiff city, provided for a maximum service rate for heating of 45 cents per thousand pounds, with coal costing $2.80 per ton, and further providing that the rate was subject to change in proportion to the price of coal, which represented 70 per cent. of the maximum rate, the company was justified, under the terms of its charter, in raising the rate to 75 cents per thousand pounds when coal was costing more than $6 per ton, and plaintiff's bill to restrain defendant from charging a higher rate than 45 cents was properly dismissed.

Appeal from Lenawee; Hart, J. Submitted January 23, 1919. (Docket No. 67.) Decided April 3, 1919.

Bill by the city of Adrian against the Citizens Light & Power Company to restrain the raising of service

rates, and for an accounting. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*John C. Howell,* for plaintiff.

*Baldwin & Alexander,* for defendant.

MOORE, J. This is a bill filed by the city of Adrian to restrain the Citizens Light & Power Company from establishing a higher rate than 45 cents per 1,000 pounds for steam used for heating purposes, and also for an accounting. The facts show that on July 1, 1917, the defendant company established a new rate of 75 cents per 1,000 pounds, and that this new rate has continued since, and is now in force. At this time coal was worth more than six dollars a ton. The franchise possessed by the defendant was granted August 5, 1903, and extended for 30 years. The question is whether this franchise limits defendant to a 45-cent maximum charge on each 1,000 pounds of steam irrespective of the price of coal, and this must be determined from the construction placed upon that part of section 6 of the franchise which reads as follows:

"It is hereby understood and agreed that the rates for heating herein established are relative to the cost of fuel at the present time, which is $2.80 per ton of run of mine of good bituminous coal containing 14,000 heat units per pound, and said Citizens Light and Power Co., its successors or assigns, shall establish new rates on July 1st of each year; such rates when so established to be relative to the contract price of fuel at the time of such change. It being understood that fuel at the present time represents 70% of the maximum rate for heating.

"The maximum rates to be charged under this franchise shall not exceed the following: For current, for power or light, 14 cents per M. Watts (K. and W.). For steam 45 cents per thousand pounds. For hot water, 18 cents per square foot of radiating surface per year. But the rates for heating shall vary according to the ratio, above specified."

We quote from the brief of counsel for appellant:

"Plaintiff contends that this section fixes a maximum rate which may be charged for the three products of this plant—power, light and heat—during the life of the franchise, and that the qualifying expressions as to price of fuel and ratio must be understood as providing a method of increasing or decreasing rates either up to or down from the maximum as the price of coal shall require."

It is claimed that the highest rate which may be charged for steam is 45 cents per 1,000 pounds whatever may be the price of coal. We think when all the language we have quoted is read together that it will not bear the construction given to it by the appellant, but justifies the decree of the court below which dismissed the bill.

The decree is affirmed, with costs to the appellee.

OSTRANDER, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred. BIRD, C. J., did not sit.